UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MCCARTHY, et al.,

    Plaintiffs,

    v.

JOHNSON & JOHNSON, et al.,

    Defendants.
_____/

No. C 11-3467 PJH

**ORDER GRANTING MOTION TO TRANSFER VENUE**

    Before the court is the motion of defendants Johnson & Johnson and McNeil-PPC, Inc. to transfer the above-entitled action to the Central District of California, pursuant to 28 U.S.C. § 1404(a). Plaintiffs, who are represented by counsel, filed no opposition to the motion within the time allowed under Civil Local Rule 7-3. Having read defendants' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.

    This is a product liability case, in which plaintiffs Michael and Eileen McCarthy allege that the death of their son Ronan McCarthy was caused by Children's Tylenol. As set forth in some detail in defendants' papers, plaintiffs reside in Orange County, California, and did so at all relevant times to this action, as did Ronan McCarthy, until the time of his death. All persons and entities likely to have knowledge of Ronan McCarthy's medical treatment, including his medical providers, are located in Orange County, California. The Children's Tylenol that allegedly caused Ronan McCarthy's death was purchased and administered in Orange County.

The court finds that transfer for the convenience of parties and witnesses is appropriate under 28 U.S.C. § 1404(a). First, the action could have been brought in the Central District, as a substantial part of the events giving rise to the claims occurred there. Although plaintiffs initially filed the complaint in the Superior Court of California, County of Santa Clara, that choice appears to have been more for the convenience of plaintiffs' counsel, who are located in San Jose, California. Thus, the court gives plaintiffs' choice of forum little weight.

The Central District is a more convenient forum for witnesses and parties, as plaintiffs are located in that district, and all witnesses (with the exception of defendants' employees, who would in any event be traveling to California from New Jersey) are also located there. Further, the court finds that the interests of justice would be better served by transferring the case to the Central District, based on local interest in the case.

Accordingly, having considered the applicable factors, the court finds that the motion to transfer this case to the Central District of California must be GRANTED.

The request for an order sealing Exhibits 6, 8, and 9 to the Declaration of Su-Lyn Combs in support of defendants' motion to transfer is GRANTED. Defendants shall e-file the documents under seal, no later than December 12, 2011.

The December 21, 2011, hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: December 7, 2011

PHYLLIS J. HAMILTON
United States District Judge

2